UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSUE EDENILSON AMAYA MELENDEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT et al.,<br>Respondents. | CASE NO. 2:26-cv-04135-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Josue Edenilson Amaya Melendez's Petition for Writ of Habeas Corpus. Dkt. No. 1. For the reasons described below, the Court grants the petition in part and denies it in part.

## I. BACKGROUND

Petitioner is native and citizen of El Salvador. *Id.* at 2. In 2022, he "presented himself for inspection by U.S. immigration officers at Hidalgo, Texas." *Id.* He was 15 years old at the time. *Id.* at 18–19. The officers served him with a Notice to Appear ("NTA") categorizing him as "an alien present in the United States who has not been admitted or paroled." *Id.* at 2. Given his status as an unaccompanied minor, he was transferred to U.S. Department of Health and Human Services Office of Refugee Resettlement, which "released him into the care of his family in California approximately one month later." *Id.*; *see id.* at 19–20.

On July 4, 2026, officers from Immigration and Customs Enforcement ("ICE") arrested Petitioner in Bullhead City, Arizona. *Id.* at 3. He was transported to the San Luis Regional Detention Center in San Luis, Arizona. *Id.* at 23. The next day, he was transported to the ICE field office in Yuma, Arizona. *Id.* ICE served him with a new NTA and a Form I-213 that he avers contained material errors. *Id.* at 23–24. On July 13, 2026, Petitioner filed a motion before the Florence, Arizona Immigration Court for a custody redetermination, which the court scheduled for July 16, 2026. *Id.* at 25. On the day of the hearing, ICE did not produce Petitioner to attend the hearing, instead transporting him that morning to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained. *Id.* An Immigration Judge ("IJ") denied bond, finding that she did not have jurisdiction under *Yajure Hurtado* to grant bond, and, in the alternative, that Petitioner was a flight risk. *Id.* at 26. On July 27, 2026, Petitioner filed a second motion for custody redetermination, this time before the Tacoma Immigration Court. *Id.* at 26–27. The court denied this request, stating that he had already been afforded a bond hearing and that his transfer did not constitute a change in circumstances warranting a new hearing. *Id.* at 27.

On August 31, 2026, Petitioner filed applications for "asylum, withholding of removal under [Immigration and Nationality Act] § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B), and protections under the U.N. Convention Against torture[.]" *Id.* An IJ at the Tacoma Immigration Court denied his applications for relief from removal but granted post-conclusion voluntary departure. *Id.* at 27–28. Petitioner has appealed this order to the Board of Immigration Appeals. *Id.* at 28.

On October 27, 2026, Petitioner filed a 62-page petition for a writ of habeas corpus. Dkt. No. 1. On October 28, 2026, the Court issued its standard scheduling order directing Respondents to show cause by November 12, 2026 why the writ should not be granted. Dkt. 4; *see also* 28 U.S.C. § 2243 (requiring the custodian to "show cause why the writ should not be granted" and certify the "true cause" of the detention). Respondents never filed a return.

On October 26, 2026, the Court received a letter from the U.S. Attorney's Office for the Western District of Washington ("USAO") informing the Court that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." *Singh v. Blanche*, No. 2:26-CV-04143-TMC, 2026 WL 3374205, at *1 (W.D. Wash. Nov. 7, 2026). The letter represented that the USAO would continue to screen habeas petitions, but that "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." *Id.* When the USAO chooses not to appear, "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." *Id.* The USAO has instead provided the Court with email addresses through which the Court's orders may be sent directly to ICE. *Id.* Although the USAO later rescinded that policy, Respondents did not file a Notice of Appearance in this case.

## II. DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Based on the petition, it appears that Petitioner is subject to 8 U.S.C. § 1226(a) and had been released into the community for roughly four years prior to being re-detained. Dkt. No. 1 at 2–3, 31, 44–48. As described in this Court's order in *Aguilar-Graterol v. Warden/facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *3–7 (W.D. Wash. Apr. 29, 2026), certain process is due to noncitizens like Petitioner upon revocation of their liberty under Section

1226(a) and its implementing regulations. And "[noncitizens] afforded release under the [Trafficking Victims Protection Reauthorization Act] have the same due process protections regarding re-detention as those granted parole or release as adults[.]" *Perez v. Casey*, No. 26-CV-0655-JES-BLM, 2026 WL 370397, at *1 (S.D. Cal. Feb. 10, 2026). Petitioner alleges that his arrest was unlawful and that his re-detention violates his right to due process. *Id.* at 4–5, 31–58. He seeks immediate release, or, alternatively, a bond hearing at which the government bears the burden of proving that his detention is necessary. *Id.* at 61. He also seeks an order permanently enjoining Respondents from re-detaining him "absent materially changed circumstances and constitutionally adequate pre-detention procedures, except where 8 U.S.C. § 1226(c) mandates [his] return to detention." *Id.* at 62. As noted above, Respondents did not respond to the petition.

Pursuant to the principle of party presentation, courts "rely on the parties to frame the issues for decision[.]" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). In other words, "our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). While the Court is not aware of any precedent for the Department of Justice declining to appear on behalf of a federal agency or officer rather than filing a non-opposition statement, the USAO's October 26, 2026 letter was the official position of the Department when this petition was filed and is presumably the reason that Respondents have failed to appear. Because Respondents have not rebutted Petitioner's contention that the government failed to afford him the process due to him upon revocation of his liberty, the Court concludes that Respondents have failed to carry their burden to show why a writ of habeas corpus should not be granted.

However, Petitioner still bears the burden of demonstrating to the Court that a permanent injunction barring his re-detention is warranted. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir.

2003). The numerous procedural irregularities discussed in the petition, Dkt. No. 1 at 2–4, along with the unique circumstances of this case, *see id.* at 15–19, convince the Court that a permanent injunction is warranted here. However, Petitioner's requested injunction is overbroad. The Court will accordingly order tailored injunctive relief requiring that, absent materially changed circumstances, and so long as Petitioner continues to be subject to Section 1226(a) and/or 1232, Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them shall not re-detain Petitioner without a constitutionally adequate pre-detention hearing as required under Section 1226(a) and its implementing regulations. *Galvez v. Jaddou*, 52 F.4th 821, 834 (9th Cir. 2022) ("Although the 'district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction,' the injunction 'must be tailored to remedy the specific harm alleged.'" (quoting *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the petition and ORDERS as follows:

1. Respondents shall release Petitioner from custody within 24 hours of this Order, subject to terms consistent with 8 U.S.C. § 1226(a);
2. Petitioner's counsel shall file a status report by November 25, 2026, confirming that he has been released;
3. Absent materially changed circumstances, and so long as Petitioner continues to be subject to Section 1226(a) and/or Section 1232, Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them shall not re-detain Petitioner without a constitutionally adequate pre-detention hearing as required under Section 1226(a) and its implementing regulations.

4. The Court directs the Clerk to send a copy of this Order to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov.

5. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the Government in immigration habeas actions); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (same); *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009) (granting fee award to immigration detainee who prevailed on habeas petition); *Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985) (reasoning that an award of fees under EAJA was not necessarily foreclosed for a habeas petition brought by "a nonresident [noncitizen]" in the immigration context). Time spent on work that is "excessive, redundant, or otherwise unnecessary" is not compensable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation modified). For example, attorneys may not seek compensation for time spent developing a habeas petition template when such template was merely re-used in the instant proceeding; only the time spent dedicated to this proceeding is compensable. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030, at *10 (W.D. Wash. Jan. 31, 2022).

Dated this 23rd day of November, 2026.

Lauren King
United States District Judge